THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 23 CR 00086 |
| ) | |
| ALPHONSO WILLIAMS, ) | Judge Virginia M. Kendall |
| ) | |
| *Defendant*. ) | |

**OPINION AND ORDER**

Pending before the Court are Defendant Alphonso Williams's[1] Motion to Suppress (Dkt. 104) and Motion for an Evidentiary Hearing. (Dkt. 105). Alphonso moves to suppress evidence related to his August 21, 2023 arrest at the Ted Stevens Anchorage International Airport. (Dkt. 104 at 1). He also moves to suppress evidence obtained through several search warrants that a magistrate judge issued after his arrest and that law enforcement officers executed while he was in custody. (*Id.*) Additionally, Alphonso moved for an evidentiary hearing on his Motion to Suppress. (Dkt. 105). The Honorable Kyle F. Reardon, Magistrate Judge for the District of Alaska, issued a Report and Recommendation ("R&R") on both motions. (Dkt. 125). Judge Reardon recommended the Motion to Suppress be granted in part and denied in part and the Motion for an Evidentiary Hearing be denied. (Id. at 22). Alphonso filed objections to the R&R (Dkt. 137) and the government replied. (Dkt. 144).

Judge Reardon submitted his R&R in this matter pursuant to 28 U.S.C. § 636(b)(1)(B). The Court now must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b)(1)(C). Further, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

The Court liberally construes Alphonso's objections to Judge Reardon's R&R as raising three separate arguments. First, Alphonso argues that Judge Reardon incorrectly found that the search warrants—issued after Alphonso's arrest and pertaining to his Birchwood residence, the VW Jetta, the Chevrolet Malibu, and cell phones recovered from these locations—were supported with probable cause. (Dkt. 137 at 1–3). Second, Alphonso argues that the good faith exception to the exclusionary rule cannot save the warrants. (*Id.* at 1, 3). In support of his argument, Alphonso objects to Judge Reardon's findings that "information about Defendant's unlawful stop was not 'decisive' in establishing probable cause for" the warrants. (*Id.* at 1). Finally, Alphonso objects to Judge Reardon's determination that no evidentiary hearing was warranted. (*Id.* at 3). The Court has conducted a thorough de novo review of Judge Reardon's R&R and reviewed all relevant motions and responses. The Court concludes Alphonso Williams's objections are meritless.

---

[1] The Court will refer to Alphonso Williams by his first name in this Order because the codefendants in this case share the same surname.

1

## I. Probable Cause Objection

Although Alphonso Williams's objections only specifically reference Judge Reardon's analysis of the good faith exception to the exclusionary rule, in substance, they take aim at his probable cause determinations. All parties agree that the Anchorage Airport Interdiction Team's search and seizure of Alphonso Williams on August 21, 2023 was unlawful. (*See* Dkt. 125 at 7–8). Accordingly, any subsequent warrant applications that included information from that stop must be reexamined to determine if "the warrant was supported by probable cause after 'properly purg[ing] the affidavit of the offending facts.' " *United States v. Payne*, 99 F.4th 495, 513 (9th Cir. 2024) (alteration in original) (quoting *United States v. Bishop*, 264 F.3d 919, 924 (9th Cir. 2001)). Probable cause exists to support the issuance of a search warrant when the application, affidavit, or testimony demonstrates a "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

The search warrant for the Birchwood residence, Jetta, and Malibu easily clears the probable cause threshold even after all reference to the August 21, 2023 airport stop is excised from the warrant application. (*See* Dkt. 92-1 at 3–7). Sergeant Bressler of the U.S. Postal Inspection Service provided the following information to the magistrate judge in a telephonic hearing. Postal inspectors had identified a suspicious parcel at a sorting facility in Anchorage on August 25, 2023. (Dkt. 92-1 at 3). The listed California sender and Alaska recipient were in no way associated with the addresses on the parcel, which was paid for in cash and shipped from a "source state." (*Id.* at 4). On August 25, 2023, law enforcement officials monitored the Anchorage address listed on the parcel and observed a Volkswagen Jetta registered to an Alphonso Williams pull into the driveway. (*Id.*) Based on a separate federal search warrant, officers searched the parcel and discovered 16,000 grams of "M-30 pills consistent with fentanyl" inside. (*Id.* at 5). Next, officers obtained a tracking warrant and organized a controlled delivery at the address listed on the parcel. (*Id.*) Roughly twenty minutes after the controlled delivery, the same Volkswagen Jetta arrived at the residence and an individual later identified as Alonzo Williams took the parcel, put it in the Jetta registered to Alphonso, and drove to the Birchwood residence, which officers confirmed was where Alonzo lived. (*Id.* at 5–6). Based on this information, Sgt. Bressler requested a warrant to search the Birchwood residence, the Jetta, and a Chevrolet Malibu parked at the residence. (*Id.* at 6).

This information establishes a "fair probability" that evidence of criminal drug trafficking would be discovered at the Birchwood residence, inside the VW Jetta, and inside the Chevy Malibu.[2] *Gates*, 462 U.S. at 238. The magistrate who issued the warrant in this case had a "substantial basis for concluding that probable cause existed," and that calculus is not altered when eliminating the testimony pertaining to Alphonso Williams's August 21 arrest. *Gates*, 462 U.S. at 238 (cleaned up) (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)). Indeed, the magistrate judge who issued the warrant in this case, when summarizing the basis for probable cause, did not reference any of Sgt. Bressler's testimony pertaining to Alphonso's arrest or what officers seized

---

[2] The cell phone warrants, obtained after one device was found inside the residence and another inside the Jetta, were granted based on applications that included even less information about Alphonso Williams and substantially more information about the investigation into Alonzo Williams. (*See* Dkt. 125 at 15–17). These warrants, purged of any unlawfully obtained information related to Alphonso Williams's arrest, were also supported by probable cause.

at the airport; but instead focused on the parcel, the drugs found inside of it, the controlled drop of the parcel, and Alonzo's behavior throughout the investigation. (*See* Dkt. 92-1 at 7).

Alphonso's attempt to downplay the supporting evidence of Alonzo's receipt of the package as simply "a man previously unknown to police picked up a package and drove home, and the package did not leave his car, and there was no evidence that he had knowledge of its contents" is entirely unpersuasive. (Dkt. 137 at 2). Critically, Alphonso fails to consider that Alonzo was not the addressed recipient of the package, nor was he a resident of the home where the package was delivered. Both facts give rise to the inference that criminal drug trafficking was afoot—especially considering the contents of the parcel known to law enforcement—and evidence thereof might reasonably be found at the Birchwood residence and inside the vehicles in its immediate vicinity. *See United States v. Angulo-Lopez*, 791 F.2d 1394, 1399 (9th Cir. 1986) ("In the case of drug dealers, evidence is likely to be found where the dealers live.").

The Court adopts Judge Reardon's determination that the warrants issued as to the Birchwood residence, Jetta, Malibu, and cell phones were supported with probable cause after eliminating any unlawful information from the warrant applications.

## II. Good Faith Exception Objection

Against this probable cause backdrop, the remainder of Alphonso's objections to the R&R fall away. Alphonso objects to Judge Reardon's finding that "information about Defendant's unlawful stop was not 'decisive' in establishing probable cause for the searches" because that finding led him to conclude that it was not necessary to "determine whether the officers' misconduct during the stop was itself subject to the good faith exception." (Dkt. 137 at 1 (quoting Dkt. 125 at 21 n.142)). As the government rightly observes, however, this argument fails to reckon with, and is undercut by, Judge Reardon's and now this Court's finding that the warrants at issue *were* supported by probable cause even without the information pertaining to Alphonso's August 21 arrest. This finding renders superfluous the issue of whether the good faith exception to the exclusionary rule might apply.

Still, because probable cause existed independently of the information related to Alphonso's arrest, Judge Reardon's conclusion that "a reasonably well-trained officer would not have had reason to question the legality of the warrants to search the Birchwood residence and the two vehicles, the cell phone seized from the Birchwood residence, and the cell phone seized from the Jetta" plainly follows. (Dkt. 125 at 21). Even if the Court had found the information in the warrant applications fell marginally below the probable cause threshold, the lawful supporting testimony, detailed *supra* Section I, was certainly not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," as Alphonso urges. (Dkt. 137 at 3 (quoting *United States v. Leon*, 468 U.S. 897 (1984)). The Court therefore adopts Judge Reardon's determination that the good faith exception to the exclusionary rule serves as an alternative and independently adequate basis for denying Alphonso's motion to suppress evidence from the relevant searches. (Dkt. 125 at 21–22).

### III. Evidentiary Hearing Objection

Finally, Alphonso objects to Judge Reardon's recommendation that the Court deny his request for an evidentiary hearing. He submits that a hearing is necessary to examine the "conduct of the investigating agents . . . as to their recklessness in relying on the illegal arrest" to support the warrant applications. (Dkt. 137 at 3). Alphonso has pointed to no contested issues of fact that would justify an evidentiary hearing. *See United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000). Further, Alphonso has not made a sufficient preliminary showing to justify a hearing under *Franks v. Delaware*, 438 U.S. 154, 171 (1978) ("[T]he challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof."). While the parties agree the August 21 airport arrest was unlawful, Alphonso points to no evidence to suggest that Sgt. Bressler, when applying for the contested warrants, intentionally or recklessly relied on that information to mislead the magistrate. Finally, even if things were as Alphonso describes, the Court has already found that, when the "material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause." *Id.* at 171–72. Thus, "no hearing is required." *Id.*

### CONCLUSION

The Court has reviewed the entirety of Judge Reardon's R&R, including the portions to which Alphonso lodged no objection. Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court hereby accepts and adopts the R&R [125] in its entirety. Alphonso Williams's Motion to Suppress [104] is granted in part and denied in part as specified in the R&R, and his Motion for an Evidentiary Hearing [105] is denied.

_____
Virginia M. Kendall
United States District Judge

Date: January 27, 2025